STATE EX REL. DURIEU ET AL. v. NEW ORLEANS LAND CO.

___

(March 18, 1929. Opinion and Decree.)
(May 21, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

___

C. S. Hebert, of New Orleans, attorney for relators, appellants.

Anna Judge Veters, of New Orleans, attorney for intervener.

W. O. Hart, of New Orleans, attorney for defendant, appellee.

JANVIER, J. This is a mandamus proceeding brought by the relators, Emile Durieu and Arthur Durieu to compel the defendant to transfer to Emile Durieu ten shares of stock. The certificate has been lost, but it is contended on behalf of relators that it was originally purchased by Emile Durieu, the son, through Arthur Durieu, the father, with funds furnished by Emile, and that he, being a minor, the transaction was handled in his father's name.

At that time the elder Durieu was operating a shoe store in New Orleans known as the "Red Star Shoe Store." Shortly thereafter his business became involved and was taken over by his creditors. The creditors organized a corporation known as "Red Star Shoe Company," and for a short time attempted to operate the business for the benefit of all. Meeting with only partial success it was deemed advisable to sell the business in globo, and the sale was effected to one Jos. E. Renecky, the intervener here.

Renecky claims that he is the owner of the stock by reason of the fact that it was bought during the existence of the "Red Star Shoe Company." Although the stock certificate has been lost, the receipt stub, which is introduced in evidence shows that the certificate was issued to "Red Star Shoe Company," April 11, 1892, and was receipted for by A. B. Lacoste, as Trustee of Red Star Shoe Company. This stub shows that the certificate issued bears the number (9), and that the certificate represented ten (10) shares. Renecky contends that he is entitled to the stock because it formed part of the assets of Red Star Shoe Company, all of which he purchased. The Red Star Shoe Company, according to Renecky, purchased the stock by delivering shoes to the employees of the Company, which issued it. There is some corroboration of this contention in the record.

The present defendant, New Orleans Land Company, is the successor of the New Orleans Swamp Land Reclamation Company, which is the corporation which originally sold the stock.

According to page 149 of the ledger of the New Orleans Swamp Land Reclamation Company, ten shares of stock were paid for between April and June, 1889, by Arthur Durieu. It is contended by Renecky that the ten shares paid for by Durieu constituted a different transaction entirely and that the ten shares issued in the name of Red Star Shoe Company is not the same stock.

It strikes us as being most unusual that a corporation organized by creditors for the purpose of protecting their interest in a defunct concern should invest in land

stock of doubtful value, and, in view of the fact, that the record shows conclusively that ten shares of stock were actually paid for by the Durieus a long time prior to the incorporation of the Red Star Shoe Company, which certificate has never been accounted for, and in view of the fact, that there are only ten shares which have never been accounted for, it seem to us quite certain that the ten shares which were paid for by the Durieus are the same ten shares which were afterwards issued to the Red Star Shoe Company. It is most significant that in the bankruptcy proceedings, No. 34,441 of the Civil District Court for the Parish of Orleans, entitled Arthur Durieu vs. His Creditors the stock is listed but is not inventoried, and there is nothing in that record to show either the transfer of the stock by Durieu to his creditors or the transfer of the stock by Red Star Shoe Company to Renecky.

We have gone carefully over the record in this case together with the record in the matter referred to above entitled Durieu vs. His Creditors, and are of the opinion that only ten shares of stock were paid for and that they were paid for by Durieu and that the claim that the ten shares were bought by the Red Star Shoe Company, while it was being operated by the creditors of Durieu, is not well founded.

New Orleans Land Company, manifestly is not interested in the outcome of the controversy but was, of course, compelled to employ counsel to protect its interests.

Under the provisions of Section 17 of Act No. 180 of 1910, New Orleans Land Company is entitled to the return of such reasonable costs and attorney's fees as it may have had to expend.

The lower court allowed attorney's fees of Fifty Dollars and we think this sum is correct.

Act 180 of 1910 also requires that the person requesting a new certificate to take the place of a lost one shall furnish a sufficient surety to indemnify the company issuing the duplicate. We think the bond for $1,000.00 as required by the lower court sufficient.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed insofar as it declares Jos. E. Renecky to be the owner of the said stock, and that there now be judgment in favor of relator, Emile Durieu ordering and commanding the New Orleans Land Company to issue to him a certificate for ten shares of its stock upon his furnishing surety in the sum of One Thousand Dollars, and upon the payment by him to New Orleans Land Company of $50.00 as attorney's fees.

All costs except those of intervener to be paid by relator.